UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA BILCHIK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-1130 SEP |
| ) | |
| MISSOURI DEMOCRATIC PARTY, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Cynthia Bilchik's Complaint, Doc. [1], and motion for leave to proceed in forma pauperis, Doc. [2]. For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* is granted, but her Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and fails to state a claim.

**FACTS AND BACKGROUND**[1]

Plaintiff filed the Complaint on a Court-provided form. The form instructs pro se plaintiffs on how to properly state a claim and is broken up into sections to simplify pleading. In the caption area of the form, Plaintiff lists the following Defendants: The Missouri Democratic Party; Missouri Republican Party; State of Missouri; FBI DC; Homeland Security; Alejandro Mayorkas; U.S. Department of Justice; Secretary of State; U.S. Dept. of State; Lloyd J. Austin, Secretary of Defense; Joseph R. Biden, President of the United States; CIA Information & Privacy Coordinator; and NSA, National Security Agency. Doc. [1] at 1.

In the jurisdiction section of the form, Plaintiff invokes both federal question and diversity jurisdiction. Plaintiff alleges violations of her "federal whistleblower rights," violations of her "constitutional rights using my custody modification to shut me down in retaliation over federal and state corruption," and "[d]erelict[ion] of duty to try to cover up government corruption." *Id.* at 3. Plaintiff alleges the following government officials and agencies were involved in those violations:

---

[1] The facts are taken from Plaintiff's Complaint. Doc. [1]. Plaintiff also filed eight "supplementals" to the Complaint. Docs. [4]-[11]. Those filings include emails and text messages with Plaintiff's handwritten commentary. The supplemental filings expand on some of Plaintiff's claims in the Complaint, but they do not clarify her claims or provide any supporting evidence.

> The FBI, St. Louis Field Office, DC FBI Headquarters, Homeland Security St. Louis Field Office, Homeland Security Headquarters DC, DOJ under Biden & Trump administrations, Republican and Democratic National Parties, Biden Administration, State Department, DOD & the NSA, [and] [t]he State of Missouri for colluding with the federal agencies on the 4 billion dollar NGA bill & 2020 audit of the 21st judicial courts.

*Id.* And in the section of the form used to plead diversity jurisdiction, Plaintiff lists the Defendants and claims that the amount in controversy is over $75,000. *Id.* at 3-6. In the section of the form used to state her damages, Plaintiff clarifies that she seeks $200,000,000. *Id.* at 7.

In the section titled "Statement of Claim," Plaintiff alleges that she was "allowed to be extorted and attack[ed] by terrorist to hide government corruption" from "2014 to July 29th 2023," in "Saint Louis, MO." Plaintiff then refers the Court to an attachment to the form. *Id.* The attachment is a four-page, single-spaced addendum to Plaintiff's "Statement of Claim." Plaintiff's claims are a collection of disjointed allegations against the various government officials and private entities. She claims, for example, that the Trump Administration hired a "known domestic terrorist" and hacker, Justin Howard, to attack her. He was purportedly one of three Americans "kicked out of New Zealand in the 2007 raids" and "placed in Bowe Bergdahl's returning unit to Hawaii from Afghanistan." Plaintiff says that she was "extorted" because she knew Howard was illegally planted in Bergdahl's unit, and that Howard knew where Bergdahl was when he left Afghanistan. Plaintiff alleges she was "shut down" because pharmaceutical companies, like Purdue Pharma and Abbott Labs, needed immunity for their opiate operations and the war in Afghanistan. She says the government discredited her, took her child away, sent in Rich Huett to break her neck, and extorted her with Mike Brown's juvenile file. *Id.* at 9-12.

Plaintiff makes additional claims in the Complaint, for example: (1) extortion by the Republican Party and Eric Schmitt for whistleblowing on the St. Louis family courts; (2) political favors that occurred between Missouri Governor Michael Parsons and the Bill Barr Department of Justice in order to modify her custody rights; (3) her custody case being delayed while she was discredited over a terrorist attack in New Zealand; (4) her alleged whistleblowing regarding Russian collusion at the FBI; (5) the murder of her nephew by the FBI as retaliation when she would not stop speaking out; and (6) stopping the nuclear bombs on July 29, 2023, that were set to go off in St. Louis, Missouri. *Id.*

Plaintiff's most recent supplemental filings, filed on October 26 and 27, 2023, Plaintiff requests an emergency hearing because she is "getting hacked and others are getting hacked left

and right because of this situation." Doc. [10] at 1.  She claims that "[s]ince the Israel attacks everything has roed [sic] up," and that she "was the source that gave the coordinates on the attempted assassination of the Hamas chief." *Id.*  Plaintiff also repeats that Missouri politicians, specifically the attorney general, have been derelict in their duties and endangered her child through their inaction.  Doc. [11] at 1.  She claims that she "is about to go public on everything and "people with titles are freaking out they got caught." *Id.*

## LEGAL STANDARD

The Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint that is frivolous or fails to state a claim upon which relief may be granted.  *Id.* § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319).  Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court liberally construes pro se complaints. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

3

## DISCUSSION

Plaintiff's claims do not pass 28 U.S.C. § 1915(e)'s screening requirements. After careful review and liberal construction of the Complaint and Plaintiff's supplemental filings, the Court cannot discern Plaintiff's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se plaintiffs are required to set out their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff's claims are "irrational [and] wholly incredible." *Hernandez*, 504 U.S. at 32-33. They include only unsupported and implausible allegations against a wide range of government officials. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Court will issue a separate order of dismissal.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, Doc. [3], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff is seeking a hearing in Docs. [10] and [11], her request is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE